# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:02cr003

| | |
|---|---|
| DAMIEN L. OWENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion for Post Rehabilitation (#30) filed November 28, 2007. Review of the motion reveals that petitioner believes he is entitled to a reduction in his sentence under Rule 35(b), Federal Rules of Criminal Procedure, and based on his rehabilitation efforts while incarcerated.

As to a sentence reduction under Rule 35(b)(1) or (2), each provision provides for relief only "[u]pon the government's motion . . . ." Fed.R.Crim.P. 35(b). It is well-settled that whether or not to file a Rule 35(b) motion is a matter left to the government's discretion and not defendant. United States v. Dixon, 998 F.2d 228, 230 (4th Cir.1993). Petitioner has neither alleged nor shown that the government's failure to move for a reduction was based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86(1992).

As to a sentence reduction based on rehabilitation efforts while incarcerated, post-sentencing rehabilitation cannot, by itself, serve as the basis for a § 2255 motion.

-1-

United States v. Adams, 22 Fed.Appx. 98, 101, 2001 WL 1230867, * 2 (4th Cir. 2001). Further, to the extent such is a request for a sentence reduction under 18 U.S.C. § 3582(c) based upon post-conviction rehabilitation, this court has no authority to modify a sentence on such a motion. See 18 U.S.C. § 3582(c).

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Post Rehabilitation (#30) is hereby **DISMISSED** without prejudice.

Signed: April 15, 2011

Max O. Cogburn Jr.
United States District Judge